UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA ROBINSON,

Plaintiff,

v. Case No. 8:26-cv-2438-JLB-SPF

CHAD CHRONISTER, in his official capacity as Sheriff of Hillsborough County, Florida; THE DEPARTMENT OF CHILDREN AND FAMILIES, FLORIDA; SUN CITY HOSPITAL, INC. d/b/a HCA FLORIDA SOUTH SHORE HOSPITAL; TAMPA ELECTRIC COMPANY; THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA; and BAYCARE HEALTH SYSTEM, INC.,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATIONS**

Before the Court is Plaintiff's Motion to Remand to State Court (Doc. 10). For the reasons stated herein, it recommended that the motion be granted.

## I. Background

Plaintiff initiated this action in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on July 8, 2026. *See Robinson v. Chronister et al.*, Case No. 26-CA-007405 (Fla. Cir. Ct. July 8, 2026). On August 19, 2026, following the dismissal of Plaintiff's original complaint, Plaintiff filed an "Operative Complaint for Damages, Declaratory and Prospective Injunctive Relief and Demand for Jury Trial" which asserted a new federal claim against Defendant Chad Chronister, in his official capacity as Sheriff of Hillsborough County, Florida ("Chronister"). (*Id.*; Doc. 1-1). Based on this newly asserted claim, Chronister removed the case to federal court on August 20, 2026. (Doc. 1). Following

removal, Plaintiff filed a motion for remand, arguing that she never intended for this case to be heard in federal court[1] (Doc. 10 at 1) and moved for leave to file an amended complaint (Doc. 22) which the Court granted (Doc. 33).

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Consequently, if a defendant wishes to remove a civil action filed in state court to the federal district court embracing that state court, the federal court must have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[T]he determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 9–10 (1983)).

Typically, a district court has original jurisdiction based on diversity or a federal question. *See* 28 U.S.C. §§ 1331, 1332, 1441(a). Diversity jurisdiction can be established when all the plaintiffs are citizens of different states from all defendants and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. If a plaintiff is seeking nonmonetary relief, such as an injunction, "the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted" is the value of the amount in controversy. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) (citation omitted). However, if the "monetary value of the injunctive relief is too speculative and immeasurable to satisfy

---

[1] In her motion, Plaintiff maintains that prior to this matter's removal she circulated a proposed amended compliant to defendants which removed the federal cause of action, but Chronister removed the matter before Plaintiff received Defendants' position on the proposed amendment. (Doc. 10 at 1).

the amount in controversy requirement," it should not be considered when determining whether diversity jurisdiction exists. *Id.* (quotation marks and citation omitted). On the other hand, federal-question jurisdiction permits federal courts to decide "all civil actions arising under the Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331.

A district court can also exercise supplemental jurisdiction "over all other claims that are so related to claims in the action" that are subject to "original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Although a court maintains its discretion regarding supplemental jurisdiction, "with the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).

**III. Analysis**

In her Amended Complaint, Plaintiff alleges that a crime tip to the Tampa Police department in 2020 has resulted in a continuous course of alleged retaliatory conduct by Defendants. (Doc. 22-1 at 1). Accordingly, Plaintiff's Complaint brings a multitude of state law claims against Defendants including Whistleblower Retaliation (Count I), Violation of the Florida Civil Rights Act (Counts II–III), Negligence (Count IV), Defamation, Libel, and Slander (Count V), Tortious Interference with Employment/Business Relationships (Count VI) Intentional Infliction of Emotional Distress (Count VII), and Civil Conspiracy (Count VIII). (Doc. 22-1 at 30–36). Notably absent from Plaintiff's Amended Complaint, however, is a federal claim giving the Court original jurisdiction. Moreover, because Plaintiff is a citizen of Florida, there is no diversity of citizenship between the parties. Therefore, at this juncture, the Court lacks jurisdiction. *Royal Canin U.S.A.*, 604 U.S. at 25 ("When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental

jurisdiction over the related state-law claims. The case must therefore return to state court."). Accordingly, the undersigned recommends Plaintiff's Motion to Remand (Doc. 10) be granted and the case be remanded to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

**IV. Conclusion**

It is RECOMMENDED:

1. Plaintiff Motion to Remand (Doc. 10) be granted.
2. The case be remanded to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

**IT IS SO REPORTED** in Tampa, Florida, on August 31, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.