UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA ROBINSON,

Plaintiff,

v. Case No: 8:26-cv-02438-JLB-SPF

CHAD CHRONISTER, in his official capacity as Sheriff of Hillsborough County, Florida, *et al.*,

Defendants.
_________________________________/

## ORDER

Before the Court is Plaintiff Vanessa Robinson's Motion to Remand to State Court (Doc. 10). After careful consideration, the Court **GRANTS** the Motion.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, a federal district court must have original jurisdiction over a case that is removed from state court. 28 U.S.C. § 1441(a).

A district court has original jurisdiction where the parties are diverse or where there is a federal question. *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the amount in controversy "exceeds the sum or value of $75,000" and is between "citizens of different [s]tates." 28 U.S.C. § 1332. Federal question jurisdiction exists where a claim or claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff filed this action in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on July 8, 2026. *See Robinson v. Chronister et al.*, Case No. 26-CA-007405 (Fla. Cir. Ct. July 8, 2026). Following dismissal of her original complaint, Plaintiff filed an "Operative Complaint for Damages, Declaratory and Prospective Injunctive Relief and Demand for Jury Trial," which included a new federal claim against Defendant Chad Chronister in his official capacity as Sheriff of Hillsborough County, Florida. (Doc. 1-1). Accordingly, Chronister removed the action to this Court on August 20, 2026. (Doc. 1). Plaintiff filed a Motion to Remand to State Court (Doc. 10) and moved for leave to file an amended complaint (Doc. 22), which the Court granted (Doc. 33). Defendant Chronister responded to Plaintiff's motion to remand (Doc. 31).

## DISCUSSION

Plaintiff's Amended Complaint brings only state law claims against Defendants, including claims for whistleblower retaliation under Florida law, retaliation under the Florida Civil Rights Act, state law harassment and hostile work environment claims, negligence, defamation, and civil conspiracy. (Doc. 42 at 30–38). The Amended Complaint does not contain a federal claim to provide the Court original jurisdiction. Further, the Court lacks diversity jurisdiction because Plaintiff is a citizen of Florida. (*Id.* at ¶ 7).

"When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law

claims. The case must therefore return to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26 (2025). Accordingly, this case must be remanded to state court.

**CONCLUSION**

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion to Remand to State Court (Doc. 10) is **GRANTED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 36) is denied as moot.

3. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 41) is **DENIED as moot**.

4. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

5. The Clerk of Court is **DIRECTED** to transmit a certified copy of this order to the Hillsborough County, Florida, Clerk of Court, to terminate any pending motions and deadlines, and to close this case.

**IT IS SO ORDERED** in Tampa, Florida, on September 4, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE